IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 14-cr-00192-PAB

UNITED STATES OF AMERICA,

          Plaintiff,

v.

PAULA KING,

          Defendant.

---

### ORDER

---

     This matter comes before the Court on defendant's Request for Transport to

FMC Carswell [Docket No. 38], Request for Medical Evaluation Prior to Transport

[Docket No. 39], Motion to Reconsider Doc. #34 and #37, Order to Surrender [Docket

No. 40], and Motion to Delay Reporting to BOP [Docket No. 41].

     The defendant was sentenced on November 4, 2014.  At that time, the Court

ordered that she voluntarily surrender to begin serving her custodial sentence.  Despite

Ms. King's numerous health issues, she did not object to self-surrender.  On November

20, 2014, Ms. King notified the Court that she had fallen and broken her leg.  On

December 3, 2014, the Court ordered that Ms. King surrender herself at FMC Carswell

in the state of Texas on December 18, 2014 in lieu of transportation by the United

States Marshal.

     On December 17, 2014, the day before Ms. King was to surrender at FMC

Carswell, Ms. King filed a motion to delay indefinitely her surrender "to medically be

able to travel." Docket No. 36 at 1.  The Court denied that motion because no information contained in or attached to the motion suggested that Ms. King could not travel.  Docket No. 37.  Since the Court's order denying her initial request for postponement, Ms. King has filed the motions noted earlier.  Like her initial request, these motions contain information that is mostly irrelevant to the issue of whether Ms. King can safely travel to FMC Carswell.

Ms. King states that she has suffered a "medical emergency."  Docket No. 40. Ms. King broke her leg on November 20 and has now been released to a nursing home. *See* Docket No. 38 at 1.  Whatever medical emergency that may have existed at the time of her accident has passed.

The defendant repeatedly states that she requested a delay in surrendering to FMC Carswell "to allow the parties to gather the medical information necessary to understand how defendant can be safely moved."  Docket No. 40 at 2; *see also* Docket No. 41 at 2.  However, defendant fails to explain why she cannot gather such information now and why the United States Attorney's Office and the Court are needed to gather medical information through a hearing, especially given that neither the United States nor the Court would presumably have access to such information.

Although there does not appear any impediment to Ms. King obtaining letters or medical records from her own health care providers, Ms. King fails to provide support for the proposition that she is unable to travel to FMC Carswell.  In fact, her attorney simply states that "defendant's medical condition may not allow her to travel, at this time. . . ."  Docket No. 38 at 2.  The most recent medical record, attached to Docket No. 41, describes her leg injury as "nonweightbearing" and says that she is currently on bed

2

rest.  Docket 41-1.  This record does not indicate that she is unable to travel, particularly with the help of a wheelchair or other assistive device.  The only information that Ms. King is not able to travel or surrender herself to the U.S. Marshals Office in Denver, Colorado is information from Ms. King's husband that "he cannot get her to FMC Carswell" and that "he cannot take her to the Denver office of the United States Marshal as she cannot travel in a car."  Docket No. 38 at 1 n.1.  This information is so vague that Ms. King herself makes the representation that she is unable to surrender in Denver "upon information and belief."  Id. at 1-2.

Despite Ms. King's failure to support her request for a postponement of her surrender date with supporting medical information, the Court will grant the request out of an abundance of caution given Ms. King's undisputed history of health problems.  The Court will also set this matter for a hearing to set the date for her surrender, whether in Texas or in Denver.  However, at such hearing counsel for Ms. King must demonstrate to the Court through competent medical information any restrictions on Ms. King's ability to travel to FMC Carswell.  Such transportation could be via air or road.  Moreover, counsel for Ms. King must demonstrate by the same standard any delay in surrender necessitated by her medical condition.

Wherefore, it is

ORDERED that defendant's Motion to Delay Reporting to BOP [Docket No. 41] is granted.  The Court's Order of December 3, 2014 [Docket No. 34] is modified to suspend Ms. King's voluntary surrender date until further order of the Court.  It is further

ORDERED that defendant's Request for Transport to FMC Carswell [Docket No. 38], Request for Medical Evaluation Prior to Transport [Docket No. 39], and Motion to

3

Reconsider Doc. #34 and #37, Order to Surrender [Docket No. 40] are denied.  It is further

      ORDERED that a hearing to determine Ms. King's surrender date will take place on January 23, 2015 at 10:00 a.m.  Ms. King does not need to be present.


      DATED December 22, 2014.

                        BY THE COURT:


                        s/Philip A. Brimmer
                        PHILIP A. BRIMMER
                        United States District Judge